# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:13-cr-06003-RK |
| | ) |
| ROBERT L VACA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On October 28, 2014, United States District Court Judge Dean Whipple entered a judgment finding Defendant guilty (pursuant to a guilty plea) of one count of conspiracy to distribute a controlled substance. (Doc. 53.) Judge Whipple sentenced Defendant to a 46-month term of imprisonment with the Federal Bureau of Prisons to be followed by a five-year term of supervised release. (*Id.*) On February 1, 2017, Judge Whipple revoked Defendant's supervised release and sentenced him to time served and five years' supervised release. (Docs. 68, 69.) Eighth months later, on November 7, 2017, after a probation violation report was submitted, the Court issued a warrant for Defendant's arrest. (Docs. 71, 72.) A supplemental violation report was filed on January 31, 2018. (Doc. 73.) It appears the federal arrest warrant based on alleged violation of conditions of supervised release remains unexecuted.

On October 1, 2021, Defendant filed a pro se motion for disposition of detainer. (Doc. 78.) It appears from Defendant's motion he is currently incarcerated in the Kansas Department of Corrections after he was sentenced to a term of imprisonment by the Wyandotte County District Court on state drug charges on February 7, 2019. Defendant states in his motion that due to a detainer, he is "not able to do any programs" while in state prison. (*Id*. at 1.) (The Court presumes the detainer to which Defendant refers is a federal detainer based on the unexecuted federal warrant for his arrest on allegations of probation violations.)

As best the Court can discern, Defendant seeks relief under the Interstate Agreement on Detainers ("IAD") based on a federal detainer while Defendant is incarcerated in Kansas state prison. 18 U.S.C. App. 2 § 2. (In his motion, Defendant cites to K.S.A. § 22-4301, which appears to be Kansas' enactment of the "Uniform Mandatory Disposition of Detainers Act.") Under Article III of the IAD, when a detainer has been lodged against an individual already imprisoned

in another state based on an "untried indictment, information, or complaint" pending in another state, the individual can obtain a speedy trial as to those charges (within 180 days after giving written notice to the prosecutor and the appropriate court of his request for a final disposition as to the pending "indictment, information, or complaint"). To the extent Defendant's motion rests on a federal detainer – in turn, based upon the warrant for Defendant's arrest the Court issued upon allegations that Defendant violated conditions of his supervised release – the IAD does not apply. *See Burgess v. Jennings*, No. 4:19CV2599 NCC, 2020 WL 364341, at *4 (E.D. Mo. Jan. 22, 2020) ("[T]he [IAD] does not apply to detainers based on parole-violation charges.") (citing *Carchman v. Nash*, 473 U.S. 716, 724-34 (1985)); *Solomon v. Hobbs*, No. 5:12-CV-05011, 2012 WL 2848059, at *5 (W.D. Ark. May 9, 2012) (citing *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008)).[1] Therefore, and after careful consideration, Defendant's motion (Doc. 73) is **DENIED**.

    **IT IS SO ORDERED**.

                                                                        s/ Roseann A. Ketchmark
                                                                        ROSEANN A. KETCHMARK, JUDGE
                                                                        UNITED STATES DISTRICT COURT

DATED: December 2, 2021

---

[1] To the extent Defendant truly does seek to utilize the Kansas procedure under K.S.A. § 22-4301, the federal district court is not the forum to enforce that statutory procedure. Finally, in his motion Defendant also seems to argue the Kansas state sentencing judge's order has not properly been followed. Specifically, Defendant points to the Kansas judge's order that Defendant's state sentence be "concurrent to" his federal sentence and that he be "relinquish[ed] to Missouri Federal Custody to serve that sentence first" and that this has not occurred (since he has remained in state custody). At the time of his state sentencing, the sentence Defendant was serving in this case was a five-year term of supervised release (imposed by Judge Whipple on February 1, 2017). Defendant is not, at this time, sentenced to a term of imprisonment in the custody of the Federal Bureau of Prisons. Regardless, it does not appear this Court is the proper forum in which to raise an issue that the Kansas Department of Corrections has not properly carried out the terms directed by the state judge in sentencing Defendant in February 2019, even if that were the case.